The plaintiff, John Doe, appeals from a Superior Court judgment that affirmed the Sex Offender Registry Board's (SORB or board) classification of Doe as a level three sex offender. We affirm.
Background. In December, 2003, Doe was found guilty of nine counts of rape and abuse of a child, seven counts of disseminating to a minor material harmful to a minor, and two counts of drugging a person for unnatural sexual intercourse. He was also found guilty on eight counts of procuring alcohol for a minor, and eight counts of distributing a Class D substance (marijuana). The charges were related to a period where Doe sexually assaulted seven teenage boys. Doe, then age forty-six, hosted pool parties for the son of Doe's cousin and his six friends. There, he would ply the boys with alcohol and marijuana, perform and receive oral sex, watch the boys engage in sexual acts with each other, and show them pornography.
Doe was sentenced to concurrent eight- to ten-year committed sentences for the rape and abuse charges, and four- to five-year concurrent sentences on the dissemination charge. He also received a concurrent one-year committed sentence for eight counts of procuring alcohol for a minor, and a concurrent two-year committed sentence for the distribution of marijuana to a minor.
In November, 2010, SORB notified Doe that it recommended he register as a level three sex offender under G. L. c. 6, § 178K (2) (c ). In November, 2012, SORB conducted a video classification hearing with Doe, and Doe was subsequently classified as a level three sex offender by decision dated June 27, 2012. On appeal, the Superior Court remanded the case back to the board on February 4, 2014, to consider expert testimony regarding the scientific basis of the SORB regulations. A second hearing occurred on April 10, 2014, and Doe again received a level three classification on April 25, 2014. While that classification was on appeal, the Supreme Judicial Court revised the standard of proof required for SORB decisions to clear and convincing evidence. See Doe, Sex Offender Registry Bd. No. 380316 v. Sex Offender Registry Bd., 473 Mass. 297, 314 (2015). As a result, a de novo hearing was held on June 16, 2016. At the hearing, Doe testified twice, called multiple witnesses on his behalf, and presented a clinical psychologist as an expert witness. Following the hearing, the hearing examiner ordered Doe to register as a level three sex offender.
The hearing examiner found that two statutory high-risk factors applied to Doe's case. Because Doe assaulted seven teenage boys over a months-long timespan, the examiner applied statutory Factor 2 (Repetitive and Compulsive Behavior) and Factor 3 (Adult Offender with a Child Victim). The examiner also found evidence of six risk-elevating regulatory factors: Factor 17 (Male Offender against Male Victim), Factor 22 (Number of Victims), Factor 7 (Relationship between Offender and Victim), Factor 18 (Extravulnerable Victim), Factor 19 (Level of Physical Contact), and Factor 9 (Alcohol and Substance Abuse).
The hearing examiner also applied certain risk-mitigating factors to Doe's case. Because Doe was sixty years old at the time of the hearing, the examiner applied Factor 30 (Advanced Age). Because Doe missed multiple sex offender classes while incarcerated, and only completed the first phase of a four-phase program, the examiner applied "little mitigating" weight to Factor 32 (Sex Offender Treatment). The examiner credited Doe for having the support of family and friends and applied Factor 33 (Home Situation and Support Systems) and Factor 34 (Materials Submitted by the Sex Offender). The examiner gave some weight to Doe's expert testimony from Dr. Aronoff under Factor 35 (Psychological or Psychiatric Profiles), but for reasons well explained, declined to fully adopt Dr. Aronoff's opinion that Doe had a "low risk" of reoffense.
On Doe's motion for judgment on the pleadings, a judge of the Superior Court affirmed the board's decision on June 20, 2017. The plaintiff timely appealed to this court. Here, Doe contends that the examiner's decision was not supported by substantial evidence and was arbitrary and capricious because the examiner failed to adequately apply the clear and convincing evidence standard. Doe specifically attacks the examiner's consideration of Doe's age, participation in sex offender treatment, home situation, behavior while incarcerated, physical condition, and substance abuse as either improperly applied or wrongly not considered. Doe also claims the examiner erroneously discounted the expert opinion of Dr. Aronoff.
Discussion. When the validity of a decision by the board is on appeal, a reviewing court "must determine whether the decision is supported by substantial evidence." Doe, Sex Offender Registry Bd. No. 10216 v. Sex Offender Registry Bd., 447 Mass. 779, 787 (2006). Substantial evidence is any evidence "as a reasonable mind might accept as adequate to support a conclusion." Doe, Sex Offender Registry Bd. No. 10800 v. Sex Offender Registry Bd., 459 Mass. 603, 632 (2011), quoting G. L. c. 30A, § 1 (6). "In conducting our review, we 'give due weight to the experience, technical competence, and specialized knowledge' of the board." Doe, Sex Offender Registry Bd. No. 151564 v. Sex Offender Registry Bd., 456 Mass. 612, 615 (2010), quoting G. L. c. 30A, § 14 (7).
An examiner must establish each classification by clear and convincing evidence. 803 Code Mass. Regs. § 1.03 (2016). To meet that standard, "[t]he evidence must be sufficient to convey a high degree of probability that the contested proposition is true" (quotation omitted). Doe, Sex Offender Registry Bd. No. 380316, 473 Mass. at 309. The examiner has "discretion to consider which regulatory factors are applicable and how much weight to give each factor based on evidence at [the] hearing." Doe, Sex Offender Registry Bd. No. 10800, 459 Mass. at 633, citing Smith v. Sex Offender Registry Bd., 65 Mass. App. Ct. 803, 812-813 (2006).
Here, there was record evidence to support the hearing examiner's determination that Doe poses a high risk to reoffend. Given the nature of Doe's sexual offenses, the application of statutory and regulatory high-risk factors was straightforward.[2] Additionally, we disagree that the examiner erroneously gave aggravating weight to Factor 9 (Alcohol and Substance Abuse). The examiner rightly flagged Doe's substance abuse as a significant concern. In 2012, Doe described himself as an alcoholic and said he "cannot have alcohol, even in a social setting or any type of setting whatsoever." Now, however, he admits to having a mixed drink every night. As the examiner noted, Doe's "grooming process was notably predatory" and relied significantly upon alcohol and marijuana use to "get them to relax and open up."
Against the balance of these risk-increasing factors, the examiner "was careful not to overlook the mitigating considerations." Doe argues that the examiner failed to give adequate consideration to Factor 30 (Advanced Age), Factor 31 (Physical Condition), Factor 32 (Sex Offender Treatment), and Factor 33 (Home Situation and Support Systems), but again we see no error.[3] The examiner properly gave full mitigating weight to Doe's advanced age of sixty years. See 803 Code Mass. Regs. § 1.33(30) (2016) ("the Board considers advanced age to have a significant mitigating effect ... for those with child victims, when the offender is 60 years of age or older"). Regarding Factor 31, while Doe presented evidence of a cancer diagnosis and a back injury, the examiner must consider an offender's physical condition in the context of the danger he poses. See 803 Code Mass. Regs. § 1.33(31) (2016). The examiner noted that Doe had "no specific restrictions" from his doctor, and because Doe's attacks were not acts "requiring a high degree of physical prowess," including distributing pornography to a minor, the examiner was within her discretion to limit the application of Factor 31.
The examiner's consideration of Factor 32 (Sex Offender Treatment) was also reasonable. Under Factor 32, an offender receives more mitigating weight if treatment is completed or if the offender continues to participate after completion. See 803 Code Mass. Regs. § 1.33(32) (2016). Here, Doe prioritized a culinary arts program over sex offender treatment while incarcerated, was suspended from sex offender treatment for six months, and only completed the first phase of a four-phase program despite spending nine years in incarceration. The examiner was justified in giving "little mitigating weight" to Factor 32. See 803 Code Mass. Regs. § 1.33(32)(a)(3) ("Offenders who participated in treatment while incarcerated or under community supervision, but did not complete the sex offender treatment program, may receive less weight under [factor 32]").
Finally, we discern no error in the examiner's decision to give only "some mitigating consideration" to Factor 33 (Home Situation and Support Systems). Doe presented numerous letters of support that spoke to his character and strong community ties. Doe's son and younger brother also testified at the hearing held in 2012, claiming that "multiple members of the family and the community" were aware of Doe's sex offenses and were willing to support his recovery. See 803 Code Mass. Regs. § 1.33(33)(a) (2016) ("The Board shall give greater mitigating consideration to evidence of a support network that is aware of the offender's sex offense history and provides guidance, supervision, and support of rehabilitation"). In the discussion portion of her decision, the examiner emphasized Factor 33's weight in her broader decision by crediting Doe for having "a large support network of persons who think very highly of him and are aware of his past offending." The weight applied to Factor 33 was within the bounds of the examiner's discretion.
Doe also argues that the examiner improperly rejected Dr. Aronoff's opinion that Doe was a "low risk" to reoffend. We disagree. "The opinion of a witness testifying on behalf of a sex offender need not be accepted by the hearing examiner even where the board does not present any contrary expert testimony." Doe, Sex Offender Registry Bd. No. 10800, 459 Mass. at 637.
Dr. Aronoff's report detoured from the examiner's factors in notable ways. In his brief, Doe himself acknowledges that Dr. Aronoff's testing assessed only Doe's risk of reoffense, not his dangerousness. Additionally, Dr. Aronoff's determination that Doe was a low risk to reoffend relied in part on Doe's claim that he would remain alcohol-free upon release, which was, at a minimum, unduly optimistic. Dr. Aronoff also gave Doe substantial credit for the single phase of sex offender treatment he managed to complete, while the examiner gave that factor less weight, since Doe only completed the first of four phases.
To the extent that the examiner's findings aligned with those of Dr. Aronoff, she included references to his analysis in her decision.[4] The examiner gave weight to portions of Dr. Aronoff's testimony, and merely chose not to "wholly adopt" his view. The examiner dedicated several pages of her decision to a discussion of Dr. Aronoff's findings, and stated that she found him "an articulate, thoughtful and credible expert."
The examiner's treatment of Dr. Aronoff's report and testimony was properly considered, and her reasoning was not arbitrary or capricious.
Judgment affirmed.

Doe argues that the examiner's findings did not address the present-day risk of reoffense and overemphasized the nature of the underlying offenses, which is "static" and "will never change." This argument is without merit. The examiner is required to consider Doe's prior sexual offenses under 803 Code Mass. Regs. § 1.33 (2016), and we see no error in her application of the regulations.

Doe also argues that the examiner failed to apply Factor 12 (Behavior While Incarcerated or Civilly Committed), but this is a risk-elevating factor, not a risk-mitigating one.

For example, the examiner noted, "This regulatory finding, that the Petitioner's age of 60 mitigates his risk of sexual reoffense and dangerousness, is consistent with scientific research discussed by Dr. Ar[o]noff in the 2014 classification hearing."